OPINION

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# BROWNSVILLE DIVISION

| | | |
|---|---|---|
| RAYMOND GONZALEZ-GARIBAY,<br>Petitioner, | §<br>§<br>§ | |
| v. | § | MISC. ACTION NO. B-04-024 |
| | § | (CR. NO. B-99-020) |
| R.D. MILES,<br>WARDEN, UNITED STATES<br>PENITENTIARY,<br>Respondent. | §<br>§<br>§<br>§ | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is Petitioner Raymond Gonzalez-Garibay's Motion for Relief Pursuant to 28 U.S.C. § 2241. For the following reasons, Petitioner's habeas motion should be DENIED and this cause of action should be DISMISSED.

### BACKGROUND

On January 19, 1999, Petitioner Gonzalez-Garibay was indicted in the Southern District of Texas on charges of attempted illegal re-entry into the United Sates following deportation in violation of 8 U.S.C. §§ 1326(a) & (b), and a false claim of citizenship in violation of 18 U.S.C. § 911. A jury found him guilty on both counts. District Judge Hilda G. Tagle sentenced Petitioner Gonzalez-Garibay to concurrent terms of imprisonment of seventy-seven (77) months and thirty-six (36) months followed by concurrent terms of supervised release of three years and one year. Petitioner Gonzalez-Garibay appealed his conviction, alleging that the evidence was insufficient to support the verdict on each count and that he received an illegal sentence. On July 21, 2000, the Fifth Circuit dismissed his appeal as frivolous.

1

On June 15, 2001, Petitioner Gonzalez-Garibay then filed a pro se Motion to Vacate pursuant to 28 U.S.C. § 2255. Judge Tagle adopted Magistrate Judge John William Black's recommendation to deny the § 2255 motion and dismissed the case in its entirety. On April 18, 2002, Petitioner Gonzalez-Garibay filed a Notice of Appeal and application for Certificate of Appealability ("COA"). Judge Tagle denied the application. Petitioner then appealed the denial, and on December 4, 2002, the Fifth Circuit denied the request for a COA. Petitioner Gonzalez-Garibay next filed a Motion for Relief from Judgment pursuant to FED. R. CIV. P. 60(b) and a Motion for Leave to File an Amended Complaint pursuant to FED. R. CIV. P. 15(a). Judge Tagle adopted the Magistrate Judge's Report and Recommendation denying Garibay's request for relief. Petitioner Gonzalez-Garibay then filed this habeas corpus motion now before the Court.

## ALLEGATIONS

Petitioner Gonzalez-Garibay claims that he is entitled to relief pursuant to 28 U.S.C. § 2241 because 1) his deportation in 1996, his removal in 1998, and his conviction in 1999 were unlawful due to erroneous interpretations and applications of statutes and regulations; 2) his right to consulate notification and assistance were violated during his legal proceedings; and 3) evidence failed to establish that he falsely represented himself to be a citizen of the United States for a fraudulent purpose. The petitioner requests that the district court grant relief from his illegal confinement.

2

## DISCUSSION

*A. The Court lacks Fifth Circuit authorization to review the case.*

By entitling his habeas petition as a Motion for Relief Pursuant to § 2241 rather than as a § 2254 or § 2255 motion, Petitioner Gonzalez-Garibay is not saved from the procedural bars of a successive petition.[1] Under any title, the petitioner seeks habeas relief, and this Court reviews the petition accordingly. The issue of whether a habeas corpus petition is successive may be raised by the district court *sua sponte*. *Rodriguez v. Johnson*, 104 F.3d 694, 697 (5th Cir.1997).

The Court is guided on this issue by the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"), codified as amended at 28 U.S.C. § 2244(b), which makes it "significantly harder for prisoners filing second or successive federal habeas applications under 28 U.S.C. § 2254 to obtain hearings on the merits of their claims." *Graham v. Johnson*, 168 F.3d 762, 772 (5th Cir.1999), *cert. denied*, 529 U.S. 1097 (2000). Prior to filing a second or successive application in the district court, the applicant must apply to the appropriate court of appeals for an order authorizing the district court to consider the application. 28 U.S.C. § 2244(b)(3)(A). Therefore, if Petitioner Gonzalez-Garibay's habeas petition qualifies as a successive writ, this Court has no jurisdiction to consider it without authorization from the court of appeals.

The Fifth Circuit has recognized that "a prisoner's application is not second or successive

---

[1] We note that this is not the first time that Petitioner Gonzalez-Garibay has attempted to skirt procedure. Following denial of Petitioner's first § 2255 motion, he sought relief from the denial of the motion under Rule 60 and attempted to amend his initial § 2255 pleading under Rule 15, prompting Magistrate Judge John William Black to conclude in his Report and Recommendation: "Garibay is unsuccessfully attempting to circumvent the courts' rulings by fashioning new mechanisms under the rules to reintroduce previously adjudicated arguments." *Raymundo Gonzalez-Garibay v. United States of America*, Civ. A. B-01-100 (S.D.Tex. May 17, 2004) (Doc. No. 29).

3

simply because it follows an earlier federal petition." *In re Cain,* 137 F.3d 234, 235 (5th Cir. 1998). Rather, a subsequent application is second or successive if it raises a claim 1) that was or could have been raised in an earlier petition, or 2) otherwise constitutes an abuse of writ. *Id.; United States v. Orozco-Ramirez,* 211 F.3d 862, 867 (5th Cir.2000). "Where a prisoner files a petition raising grounds that were available but not relied upon in a prior petition, or engages in other conduct that 'disentitle[s] him to the relief he seeks,' the federal court may dismiss the subsequent petition on the ground that the prisoner has abused the writ." *Kuhlmann v. Wilson,* 477 U.S. 436, 44 n.6 (1986), *quoting Sanders v. U.S.,* 373 U.S. 1, 17 (1963). Here, Petitioner Gonzalez-Garibay's could have raised his present claims in his appeals and previous § 2255 motion. Furthermore, the petitioner makes no claim to newly discovered evidence or a new rule of constitutional law to justify his subsequent habeas corpus motion. 28 U.S.C. § 2244(b)(2). Thus, the Court concludes that this petition constitutes an abuse of the writ and an unauthorized successive writ. Absent authorization from the Fifth Circuit, this Court lacks jurisdiction to proceed on the petitioner's motion, and the motion should be dismissed. However, in order to achieve thoroughness, the Court now turns to the second flaw in Petitioner's habeas motion.

*B. Petitioner's request for relief is moot.*

Petitioner Gonzalez-Garibay's habeas corpus motion is also untenable due to his present whereabouts. Generally, a court may not grant a habeas corpus motion unless the petitioner is in custody. 28 U.S.C. § 2241(c)(3). The Federal Bureau of Prisons reports that Petitioner Gonzalez-Garibay was released from custody on September 13, 2004. Further, Petitioner's latest

4

correspondence with the Court regarding his address change indicates to the Court that the petitioner was deported.

However, in some cases, a court may still have habeas jurisdiction over a matter even after deportation. The U.S. Supreme Court as well as Fifth Circuit precedent make clear that the "in custody" requirement of federal habeas jurisdiction is determined as of the time the habeas petition is filed. *Spencer v. Kemna,* 523 U.S. 1, 7 (1998); *Zalawadia v. Ashcroft,* 371 F.3d 292, 297 (5th Cir.2004). Here, because Petitioner Gonzalez-Garibay was in custody when he filed his habeas petition, this threshold requirement was satisfied. A court will then look at whether the petitioner continues to suffer an injury, even after deportation, for which it may grant relief. The Fifth Circuit has held that the "in custody" rule regarding the determination of jurisdiction for a habeas corpus motion "applies to petitioners who have been deported in the same way it applies to any other habeas petition no longer in custody." *Max-George v. Reno,* 205 F.3d 194 (5th Cir. 2000), *rev'd on other grounds,* 533 U.S. 945 (2001); *Zalawadia,* 371 F.3d at 297. For a court to exercise habeas jurisdiction over a petitioner no longer in custody, the petitioner must demonstrate that 1) he was in custody at the time he filed the petition, and 2) his subsequent release continues to present a case or controversy under Article III, § 2 of the Constitution. *Spencer,* 523 U.S. at 7; *Zalawadia,* 371 F.3d at 297. As shown above, Petitioner Gonzalez-Garibay satisfies the first prong because he filed his petition while in custody. As to the second, he fails.

A petitioner presents an Article III controversy even after he is removed from custody - including after deportation - when he demonstrates collateral consequences of his conviction. *Spencer,* 523 U.S. at 7-12; *Zalawadia,* 371 F.3d at 297; *Max-George,* 205 F.3d at 196. As an example, the Fifth Circuit established continuing Article III injury against the petitioner in

5

*Zalawadia* because deportation barred him from seeking reentry into the U.S. for a period of five years, 371 F.3d at 298, and against the petitioner in *Max-George* after his deportation because he could not be admitted into the U.S. within ten years of the date of his removal, 205.F.3d at 196. The distinction in these cases to the instant one is that Zalawadia was a legal permanent resident and Max-George a temporary resident alien while Petitioner Gonzalez-Garibay entered the U.S. illegally. He can claim no Article III interest. Thus, there is no collateral consequences of his conviction for which the Court could now grant relief. Petitioner Gonzalez-Garibay's motion is moot and could be dismissed on this fact alone.

*C. Petitioner's habeas corpus motion is untimely.*

The untimeliness of the present habeas corpus motion constitutes the third flaw in Petitioner Gonzalez-Garibay's motion. Petitioner Gonzalez-Garibay filed his § 2255 motion after the effective date of the AEDPA; thus, the motion is controlled by the provisions of that statute. *United States v. Thomas*, 203 F.3d 350, 351 (5th Cir. 2000). Section 2255 provides a one-year time limit for filing a habeas corpus motion. *See, e.g., United States v. Jones*, 172 F.3d 381 (5th Cir. 1999). The provisions of 28 U.S.C. § 2255 set forth four different scenarios for determining when the one-year limitations period begins to run. According to the relevant portion of § 2255:

The limitation period shall run from the latest of–

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

6

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255 (2005).

On July 21, 2000, the Fifth Circuit dismissed Petitioner Gonzalez-Garibay's appeal of his conviction. The limit on filing a habeas motion began running on that date. He then filed his first habeas motion on June 15, 2001. Appropriately, that motion was deemed timely. In the present motion, however, Petitioner Gonzalez-Garibay claims no circumstance recognized in § 2255 that would alter July 21, 2001, as the date on which the one-year clock expired. Petitioner filed this motion on August 4, 2004. As such, Petitioner Gonzalez-Garibay failed to present this motion to the Court in a timely fashion and it should be dismissed. *See, e.g., Felder v. Johnson*, 204 F.3d 168, 170 (5th Cir.), *cert. denied*, 531 U.S. 1035 (2000). Furthermore, even if the Court assumed, arguendo, that Petitioner Gonzalez-Garibay managed to file his habeas corpus motion in a timely manner his claim would still fail based on the flaws analyzed above.

## RECOMMENDATION

For the aforementioned reasons, this Court recommends that Petitioner's habeas motion be DENIED and this cause of action be DISMISSED.

## NOTICE TO PARTIES

A party's failure to file written objections to the proposed findings, conclusion, and recommendation in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon the grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusion accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996).

DONE at Brownsville, Texas, this 3rd day of October 2006.

*[signature]*
Felix Recio
United States Magistrate Judge